|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | | |
| 11 | RUDOLPH ANTHONY DUBORD, | No. 2:20-cv-634-KJN |
| 12 | Plaintiff, | <u>FINDINGS AND RECOMMENDATIONS</u> and <u>ORDER</u> |
| 13 | v. | (ECF No. 2) |
| 14 | COMMISSIONER OF SOCIAL SECURITY, | |
| 15 | | |
| 16 | Defendant. | |

Presently pending before the court is plaintiff's motion for leave to proceed without the prepayment of fees and costs, also referred to as in forma pauperis, pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Under this section, the court may authorize the commencement of an action "without prepayment of fees or security therefor" by a person that is unable to pay such fees or provide security therefor. 28 U.S.C. § 1915(a)(1). Presently, a filing fee of $400.00 is required to commence a civil action in this court.

The affidavit in support of the motion indicates that plaintiff has a monthly income of approximately $3,100, i.e., $37,200 annually, and has $4,000 in a checking or savings account. (<u>See</u> ECF No. 2.) According to the United States Department of Health and Human Services, the current poverty guideline for a household of 1 (not residing in Alaska or Hawaii) is $12,760.00.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

1

See https://aspe.hhs.gov/poverty-guidelines.  Thus, plaintiff's gross household income is over 300% of the 2020 poverty guideline.  Accordingly, the court cannot find that plaintiff is unable to pay.  To be sure, the court is sympathetic to the fact that plaintiff does not have a large income, and that plaintiff also has several expenses to contend with.  However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court.  Such difficulties in themselves do not amount to indigency.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED.

Plaintiff has 14 days to object to these findings and recommendations.[2]  See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).  If plaintiff does not object to the substance of the undersigned's findings, plaintiff shall instead either: (A) pay the applicable filing fee; or (B) file a statement of non-opposition to these findings and recommendations and concurrent request for a payment plan or for an extension of time to pay the fee.  Failure to take any action may result in dismissal under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge pursuant to 28 U.S.C. § 636(b)(l).  Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court randomly assign a district judge to this action.

Dated:  March 27, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dubo.634

---

[2] Objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).